■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEFFREY E. O'DONNELL, Appellant.— MEMORANDUM BY THE COURT. Appeal from a judgment of the County Court of Fulton County rendered upon a verdict convicting the defendant of the crimes of criminal negligence in the operation of a motor vehicle (Penal Law, § 1053-a) and driving while intoxicated (Vehicle and Traffic Law, § 1192, subd. 2). In the early evening of July 22, 1967, a Saturday, cars being operated by the defendant and Burdette Bowman collided while negotiating a curve on route 29A, resulting in injuries to Mr. and Mrs. Bowman and death to Mrs. Agnes Nankivel, a passenger in the Bowman vehicle. The accident occurred on a dry two-lane highway which runs generally north and south and the defendant's car was southbound while the Bowman car was northbound, the evidence revealing that the Bowman car was struck on its right side. At the place of the collision, the road curved to the right for northbound traffic. The defendant and his passenger were seen immediately after the accident, disappeared and were apprehended by the police in some nearby woods about an hour and one half later at which time the defendant admitted driving the car. It further appears that the Sheriff had given the *Miranda* warnings and, observing the defendant's condition and odor of alcohol, placed him under arrest. There was ample evidence to clearly show that the defendant was operating his car from one side of the road to the other at the time of and immediately prior to the collision, the testimony thereto being supplied by the Bowmans, the operator of and a passenger in a car to the rear of Bowman, as well as the operator of and passenger in a car some distance ahead of the Bowman vehicle. As the result of a blood-alcohol test administered to the defendant, the evidence showed .22% alcohol by weight in the blood, well over the .15% recognized to be prima facie evidence of driving while intoxicated (Vehicle and Traffic Law, § 1192). Additionally, five police officers testified that in their opinion the defendant appeared to be intoxicated following the accident. Upon the entire record, the guilt of the defendant was established well beyond a reasonable doubt. The defendant erroneously asserts that the result of the blood-alcohol test, which was received only on the charge of driving while intoxicated, was improperly admitted in evidence. Not only was the test administered within two hours following the arrest by the Sheriff, but the defendant voluntarily took the test after consulting an attorney. (*People* v. *Bellia*, 11 N Y 2d 852; *People* v. *Biester*, 24 A D 2d 1021.) Defendant's attack on the court's charge that (1) the jury was improperly instructed regarding the required elements of the crimes; and (2) that for a conviction of criminal negligence the defendant must be found to have acted willfully, is without merit. The jury was adequately instructed as to all the necessary degrees, the definition and meaning of "reckless or culpably negligent" manner, and the court correctly answered the jury's inquiry regarding willfulness, or the lack of necessity therefor, for a conviction. (See *People* v. *Eurich*, 278 App. Div. 717, affd. 303 N. Y. 723; *People* v. *Decina*, 2 N Y 2d 133.) Equally unavailing are defendant's claims that the testimony of the witnesses Schutt and Lynam was improperly received. Their observations were adequately connected with defendant's operation of his car. Neither do we find any merit to his contention that the court should have granted separate trials upon each charge in the indictment (Code Crim. Pro., § 279). The defendant was in no way prejudiced

and the record reveals that the trial was conducted according to established procedures and that the prosecutor's summation was within the bounds of propriety. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.